**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 16 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MOHAMMAD HOSSAIN, | No. 16-70920 |
| Petitioner, | Agency No. A208-302-867 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2017[**]

Before:    LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

Mohammad Hossain, a native and citizen of Bangladesh, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under Convention Against Torture ("CAT"). We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny the petition for review.

Substantial evidence support the agency's conclusion that Hossain's experiences during the 2015 attack did not rise to the level of persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1181, 1182 (9th Cir. 2003) (lifetime of harassment, threats, and single beating did not rise to the level of persecution). Substantial evidence also supports the agency's determination that Hossain failed to establish a well-founded fear of persecution in Bangladesh because he did not establish it was objectively reasonable. *See Halim v. Holder*, 590 F.3d 971, 977 (9th Cir. 2009) (petitioner "failed to make a compelling showing of the requisite objective component of a well-founded fear of persecution"); *Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir. 2001) ("An applicant's claim of persecution upon return is weakened, even undercut, when similarly-situated family members continue to live in the country without incident[.]"). Thus, Hossain's asylum claim fails.

In this case, because Hossain failed to establish eligibility for asylum, he failed to satisfy the standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, Hossain's CAT claim fails because he did not demonstrate it is more likely than not he would be tortured by or with the consent or acquiescence of the

government if returned to Bangladesh.  *See Silaya,* 524 F.3d at 1073.

**PETITION FOR REVIEW DENIED.**